**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RENE HELGUERA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| BEYOND MASONRY, INC., | ) | Magistrate Judge |
| and MIGUEL RIVAS, individually | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Rene Helguera, through his attorneys, for his Complaint against Defendants

Beyond Masonry, Inc., and Miguel Rivas, individually, states as follows:

**INTRODUCTION**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage

Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), and the Illinois Employee

Classification Act, 820 ILCS 185/1 *et seq.* ("ECA"),  for Defendants': 1) failure to pay Plaintiff

overtime wages for all time worked in excess of forty (40) hours in individual workweeks in

violation of the FLSA and the IMWL; 2) failure to pay Plaintiff earned wages for all time worked

at the rate agreed upon by the parties in violation of the IWPCA; and 3) misclassification of

Plaintiff as an "independent contractor" in violation of the ECA.

**JURISDICTION AND VENUE**

2.      The Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §

1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's

state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

**A.     Plaintiff**

4.     During the course of his employment, Plaintiff Rene Helguera:

    a.     has handled goods that move in interstate commerce;

    b.     was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3, the IWPCA, 820 ILCS 115/2, and the ECA, 820 ILCS 185/10; and

    c.     resides in and is domiciled in this judicial district.

**B.     Defendants**

5.     Within the relevant time period, Defendant Beyond Masonry, Inc.:

    a.     has been a corporation organized under the laws of the State of Illinois;

    b.     has conducted business in Illinois and within this judicial district;

    c.     has done business as Beyond Masonry within this judicial district;

    d.     has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

    e.     has had two (2) or more employees who have handled goods that moved in interstate commerce; and

2

    f.    was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS 115/2, and the ECA, 820 ILCS 185/10.

6.    Within the relevant time period, Defendant Miguel Rivas:

    a.    has been the owner and operator of Defendant Beyond Masonry, Inc.;

    b.    among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff, to authorize payment of wages to Plaintiff, to sign on the company's checking accounts, including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

    c.    operates within this judicial district and within the state of Illinois; and

    d.    was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS 115/2, and the ECA, 820 ILCS 185/10.

## FACTUAL BACKGROUND

7.    Defendants own and operate Beyond Masonry, Inc., their remodeling business, located at 23 Hill Road in Fox Lake, Illinois.

8.    Since approximately July 5, 2016 until approximately September 15, 2016, Plaintiff Rene Helguera was employed by Defendants as a construction worker for Defendants' remodeling business.

9.    Throughout his employment, Defendants had a policy and practice of misclassifying Plaintiff as an independent contractor in order to avoid paying Plaintiff his earned wages, including overtime wages.

3

10. Prior to and after his employment with Defendants, Plaintiff did not own or operate his own business, and prior to and after his employment with Defendants, Plaintiff did not work under his own business.

11. Throughout his employment, Defendants substantially controlled Plaintiff's work. For example, Defendants determined Plaintiff's work schedule, supervised Plaintiff's work at each job location, provided Plaintiff with materials to complete each job, and told Plaintiff when he could leave a job site or if he could work past his scheduled stop time.

12. Throughout his employment with Defendants, Plaintiff was paid or was to be paid at an agreed-upon fixed salary in cash on a weekly basis.

13. Throughout his employment with Defendants, Defendants regularly and customarily required Plaintiff to work in excess of forty (40) hours in individual work weeks, but did not compensate him at one and a half times his regular rate of pay for time worked in excess of forty (40) hours in individual work weeks.

14. Defendants instead paid Plaintiff at straight time for all time worked.

15. Defendants' failure to compensate Plaintiff at one and a half times his regular rate of pay resulted in violations of the overtime requirements of the FLSA and the IMWL.

16. Throughout Plaintiff's employment with Defendants, Plaintiff and Defendants had an agreement in which Defendants would pay Plaintiff at an agreed-upon fixed salary for all hours worked in individual workweeks.

17. Defendants, however, did not compensate Plaintiff at the agreed-upon fixed salary for all time worked.

18. For approximately his last two and a half weeks (2.5) weeks of employment with Defendants, Defendants failed to compensate Plaintiff for all hours worked at his agreed-upon rate.

19.    Defendants' failure to compensate Plaintiff at the agreed-upon rate for all hours worked, as described above, resulted in a violation of the IWPCA.

## COUNT I
### Violation of the FLSA – Overtime Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 19 as though set forth herein.

20.    This Count arises from the Defendants' violation of the FLSA for Defendants' failure to pay Plaintiff one and a half times his regular rate of pay for all the time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraph 12-15, *supra*.

21.    Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks.

22.    Plaintiff was not exempt from the overtime provisions of the FLSA.

23.    Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times his regular hourly rate for all time worked in excess of forty (40) hours in individual workweeks.

24.    Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

25.    Defendants' failure to pay Plaintiff his overtime wages for all time worked in excess of forty (40) hours in individual workweeks is a violation of the FLSA.

26.    Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work week is a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

a.      A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of forty (40) hours in individual work weeks;

b.      Liquidated damages in the amount equal to the unpaid overtime wages;

c.      That the Court declare that the Defendants violated the FLSA;

d.      That the Court enjoin the Defendants from violating the FLSA;

e.      Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

f.      Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the IMWL – Overtime Wages**

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 26 as though set forth herein.

27.    This Count arises from the Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in an individual work week, described more fully in paragraph 12-15, *supra*.

28.    Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

29.    Plaintiff was not exempt from the overtime provisions of the IMWL.

30.    Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times his regular hourly rate for all time worked in excess of forty (40) hours in individual workweeks.

31.    Defendants did not pay Plaintiff overtime wages at the premium rate of one and a half times his regular hourly rate for all time worked in excess of forty (40) hours worked in individual workweeks.

32.     Defendants' failure to pay Plaintiff his overtime wages for all hours worked in excess of forty (40) hours in individual workweeks is a violation of the IMWL.

33.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit up until the entry of judgment in this case.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

a.      A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, as provided by the IMWL;

b.      Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

c.      That the Court declare that Defendants have violated the IMWL;

d.      That the Court enjoin Defendants from violating the IMWL;

e.      Reasonable attorneys; fees and costs as provided by the IWML, 820 ILCS 105/1 *et seq.*; and

f.      Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the IWPCA – Unpaid Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 33 as though set forth herein.

34.     This Count arises from Defendants' violation of the IWPCA for Defendants' failure to pay Plaintiff his earned wages for all time worked at the rate agreed to by the parties, as described more fully in paragraph 16-19, *supra*.

35.     During the course of Plaintiff's employment with Defendants, the parties had an agreement that the Defendants would compensate Plaintiff at the agreed-upon rate for all time worked.

36.     Defendants did not compensate Plaintiff at the agreed-upon rate for all time worked.

7

37.     Pursuant to the IWPCA, Plaintiff was entitled to be paid for all time worked at the rate agreed-upon by the parties.

38.     Defendants' failure to compensate Plaintiff for all time worked at the rate agreed-upon by the parties violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

a.     A judgment in the amount of unpaid earned wages for all time worked by Plaintiff, as provided by the IWPCA;

b.     Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 115/14(a);

c.     That the Court declare that the Defendants have violated the IWPCA;

d.     That the Court enjoin the Defendants from violating the IWPCA;

e.     Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 115/14(a); and

f.     Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the ECA – Earned Wages and Employment Benefits**

Plaintiff hereby incorporate and re-allege paragraphs 1 through 38 as though set forth herein.

39.     This Count arises from Defendants' violation of the ECA for Defendants' failure to: (1) properly classify Plaintiff as an "employee;" (2) pay Plaintiff his earned wages as required by the IWPCA; (3) pay Plaintiff the overtime rate as required by the IMWL; (4) pay unemployment insurance on behalf of Plaintiff as required by Illinois law; and (5) provide worker's compensation insurance coverage to Plaintiff as required by Illinois law, as described more fully in paragraphs 9-11, *supra*.

40.     During the course of Plaintiff's employment with Defendants, Defendants employed Plaintiff in "construction", as defined by the ECA, 820 ILCS 185/5.

41.     During the course of Plaintiff's employment with Defendants, Plaintiff was to be deemed an "employee" of Defendants, as provided by the ECA, 820 ILCS 185/10(b), since: (1) Defendants controlled and directed Plaintiff's performance of the remodeling services he provided; (2) Plaintiff's remodeling services were within the usual course of services performed by Defendants; and (3) Plaintiff was not engaged in an independently established trade, occupation, profession, or business.

42.     During the course of Plaintiff's employment with Defendants, Plaintiff was to be deemed an "employee" of Defendants, as provided by the ECA, 820 ILCS 185/10(b), since Plaintiff was not a legitimate sole proprietor or partnership under 820 ILCS 185/10(c).

43.     During the course of Plaintiff's employment with Defendants, Defendants classified and treated Plaintiff as an independent contractor in that, among other things, Defendants failed to comply with the requirements of the IMWL and the IWPCA as described in Counts II and III, *supra.*, failed to pay unemployment benefits on behalf of Plaintiff as required by Illinois law, failed to provide worker's compensation insurance coverage for Plaintiff as required by Illinois law, and failed to provide Plaintiff with other employment benefits due to him.

44.     Defendants' failure to properly classify Plaintiff as an "employee" and failure to pay Plaintiff the required overtime wages and other earned wages pursuant to the IMWL and the IWPCA violated the ECA.

45.     Pursuant to 820 ILCS 185/60, Plaintiff is entitled to recover all unpaid earned wages, including overtime wages, for the three (3) years prior to the filing of this Complaint.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

9

A. A judgment in the amount of all unpaid earned wages, including overtime wages, due under the IMWL and the IWPCA, as set forth more fully in Counts II and III of the Complaint;

B. Liquidated damages as provided for by the ECA, 820 ILCS 185/60(a)(1), in an amount equal to the amount of unpaid overtime wages and earned wages as provided for by the IMWL and the IWPCA;

C. Compensatory damages as provided for by the ECA, 820 ILCS 185/60(a)(2);

D. Statutory damages in the amount of up to $500 for each violation of the ECA, 820 ILCS 185/60(a)(2);

E. Reasonable attorneys' fees and costs of this action as provided for by the ECA, 820 ILCS 185/60; and

F. Such other and further relief as this Court deems appropriate and just.

Dated: April 11, 2017                    Respectfully submitted,

s/Javier Castro
Javier Castro
Lydia Colunga-Merchant
Raise the Floor Alliance – Legal Dept.
1 N. LaSalle, Suite 1275
Chicago, Illinois 60602
(312) 795-9115

*Plaintiffs' Attorneys*